UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
ANNA SAVASTANO,

                Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-05776-FB

*Appearances*:
*For the Plaintiff*:
DANIEL ADAM OSBORN
Osborn Law P.C.
43 West 43rd Street, Suite 131
New York, NY 10036

*For the Defendant*:
JACQUELYN KASULIS
Acting United States Attorney
Eastern District of New York
By: SEAN PATRICK GREENE-DELGADO
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Anna Savastano seeks review of the Commissioner of Social Security's denial of her application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Savastano's motion is granted, the Commissioner's motion is denied, and the case remanded for further proceedings.

---

[1] Savastano moves for relief under 42 U.S.C. § 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

**I.**

Savastano applied for disability benefits on November 14, 2014. After her application for benefits was denied on July 10, 2015, she requested a hearing. After two hearings, Savastano's claims were denied in a decision dated August 10, 2018. Administrative Law Judge ("ALJ") Mark Solomon concluded that Savastano had the severe impairments of "endometriosis of uterus, menorrhagia and iron-deficiency anemia" and had the residual functional capacity ("RFC") to "perform light work" with various limitations, including that she "can sit six hours and stand/walk a total of four hours." A.R. 12. Savastano filed a request for review with the Appeals Council that was denied on August 7, 2019, producing this appeal.

**II.**

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

The ALJ erred by failing to consider Savastano's migraine headaches as a severe impairment at step two of the five step framework.[2]

The regulations establish that claimants must have a "severe impairment," which is defined as a condition "which significantly limits [an individual's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment is severe when it causes more than minimal functional limitations." *Babb v. Colvin*, No. 5:13-CV-868 GLS/ESH, 2014 WL 4684883 n.10 (N.D.N.Y. Sept. 19, 2014); *see also Davis ex rel. Maitland v. Colvin*, No. 6:11-CV-0658 MAD/DEP, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) ("[t]he second step requirement … is truly de minimis, and intended only to screen out the truly weakest of cases.") (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Savastano's migraine headaches are well established in the medical record and were a prominent part of her testimony at the November 29, 2017 hearing. For example, Dr. Inna Shifrin, who treated Savastano every 1-2 months for over ten years, reported that she suffers from "chronic headaches." A.R. 355. Treatment notes in 2015 from Dr. Shilpi Gupta also noted that Savastano has "recurrent

---

[2] Savastano also contends the ALJ failed to follow the treating physician rule. On remand, the ALJ is reminded of the Second Circuit's two-step framework laid out recently in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019).

headaches," and later, "severe disabling headaches." A.R. 478, 480; *see also* A.R. 525 (noting "severe chronic headaches"). During her testimony, Ms. Savastano explained that she gets "migraine headaches" in conjunction with and separate from anemic episodes. A.R. 35. This causes her to "see black spots" and to feel "very weak" as if her "body's just going to drop." A.R. 34.

Savastano's migraine headaches cause more than minimal functional limitations and have a significant impact on her ability to work. Although ALJ Solomon made cursory reference to Savastano's headaches – describing her "history of headaches for more than eight years" – he erred in failing to incorporate this condition at step two. A.R. 14.

The error was not limited to the analysis at step two because the ALJ does not appear to have incorporated the effects of Savastano's migraine headaches on her RFC. Courts must assess a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(3). The Social Security Administration has recognized that headache disorders generally produce functional capacity limitations such as difficulty "sustaining attention and concentration." Soc. Sec. Rul. 19-4p, Titles II and XVI: *Evaluating Cases Involving Primary Headache Disorders* (July 8, 2021), available at https://www.ssa.gov/OP_Home/rulings/di/01/SSR2019-04-di-01.html. No such limitations were incorporated into the RFC analysis in this case.

4

In general, an ALJ's failure to explicitly identify a severe impairment at step two does not require remand. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010); *Reices-Colon v. Astrue*, 523 F.App'x 796, 798 (2d Cir. 2013). However, "where the ALJ's step-two error prejudiced the claimant at later steps in the sequential evaluation process, remand is required." *Southgate v. Colvin*, No. 2:14-CV-166, 2015 WL 6510412, at *6 (D. Vt. Oct. 28, 2015) (collecting cases). Since the Court finds the errors at step two affected the ALJ's RFC analysis, remand is appropriate.

## CONCLUSION

For the foregoing reasons, Savastano's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                                                                        _/S/ Frederic Block_____
                                                                                                         FREDERIC BLOCK
                                                                                                         Senior United States District Judge

Brooklyn, New York
July 9, 2020

5