```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ANNA SAVASTANO,

                    Plaintiff,

      -against-                         MEMORANDUM AND ORDER
                                        Case No. 19-CV-5776 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
---------------------------------------------------x
```

*Appearances:*
| For the Plaintiff: | For the Defendant: |
|---|---|
| DANIEL A. OSBORN | SEAN PTRICK GREENE-DELGADO |
| Osborn Law, P.C. | Special Assistant U.S. Attorney |
| 43 West 43rd Street, Suite 131 | Eastern District of New York |
| New York, NY 10036 | 271 Cadman Plaza East |
| | Brooklyn, New York 11201 |

**BLOCK, Senior District Judge:**

Following remand from this Court, Anna Savastano received past-due disability benefits from the Social Security Administration ("SSA"). Her counsel, Daniel A. Osborn, now seeks approval of an attorney-fee award of $28,259.50.

A brief procedural summary is necessary. After this Court remanded the case in 2021, it awarded Osborn $7,100.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On October 4, 2023, the SSA sent a Notice of Award ("NOA") letter advising Savastano that she was due benefits and that the SSA had withheld $28,259.50 to pay a possible attorney-fee

request.  On October 31, 2023, Osborn filed this § 406(b) attorney-fee application.

First, the Court deems Osborn timely in bringing this motion.  Osborn represents to the Court that he received the NOA on October 23, 2023, and filed this attorney-fee application on October 31, 2023, within fourteen days.  *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (fourteen-day filing period).

Second, turning to the requested attorney-fee award, the Court determines that $28,259.50 is reasonable under the circumstances.  42 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled."  Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney.  *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  As indicated by the NOA, the proposed fee award here is below the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional

relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling.  *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable).  Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Osborn must refund the smaller fee award to the claimant, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), i.e., the $7,100.00 in EAJA fees.

Accordingly, the Court approves Osborn's requested attorney-fee award of $28,259.50 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits.  Within five business days of receipt of the § 406(b) fees, Osborn is ordered to refund the EAJA award of $7,100.00 to Savastano and file a declaration stating such on the docket.

**SO ORDERED.**

 /S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
March 29, 2024